IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA KAY ELLIS,                         3:17-cv-00058-BR

          Plaintiff,                      OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

          Defendant.


**MERRILL SCHNEIDER**
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

          Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3749

          Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Brenda Kay Ellis seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Social Security Disability Benefits (DIB) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner, **REMANDS** for further consideration, and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff previously filed for SSI benefits on November 30, 2010, and alleged a disability onset date of January 1, 2000. Tr. 87.[1] Plaintiff's application was denied initially and on reconsideration. Tr. 87. A prior Administrative Law Judge (ALJ) held a hearing on October 11, 2012. Tr. 41-58. Plaintiff was represented by an attorney at the hearing. On November 16, 2012, the prior ALJ issued an opinion in which he found Plaintiff was not disabled and, therefore, was not entitled to benefits. Tr. 87-96. Plaintiff did not appeal that decision, which then became the final decision of the Commissioner. Tr. 18.

---

[1] Citations to the official transcript of record filed by the Commissioner on May 25, 2017, are referred to as "Tr."

On February 12, 2013, Plaintiff protectively filed the current application for benefits in which she alleges a disability onset date of December 31, 2000. Tr. 18. Plaintiff's application was denied initially and on reconsideration. An ALJ held a hearing on October 28, 2015. Tr. 59-83. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing. On May 1, 2015, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 18-35. On July 6, 2015, Plaintiff requested review by the Appeals Council. Tr. 14. On November 9, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On January 13, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's May 1, 2015, final decision.

## BACKGROUND

Plaintiff was born on September 13, 1966. Tr. 34. Plaintiff was forty-eight years old at the time of the hearing. Plaintiff has limited education. Tr. 34. The ALJ found

Plaintiff did not have any past relevant work experience.
Tr. 34.

Plaintiff alleges disability due to depression, enlarged
lymph nodes, cysts in the fatty tissue behind her heart,
bronchitis, post-traumatic stress disorder (PTSD), anxiety,
insomnia, Castleman's disease, and high cholesterol.  Tr. 111.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 21-34.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden a claimant must demonstrate
her inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

# DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser,* 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R.

§ 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).
*See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also*
*Keyser,* 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.*
*Comm'r Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 404.1520(g)(1).


## ALJ'S FINDINGS

The ALJ found the presumption of continuing nondisability as
a result of the adjudication of Plaintiff's prior November 30,
2010, application was rebutted by the submission of new and
material evidence.  The ALJ, however, concluded the record as a
whole continues to support a finding of nondisability.  Tr. 18.

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since January 29, 2013, Plaintiff's
application date.  Tr. 20.

At Step Two the ALJ found Plaintiff has the severe impairments of affective disorder, anxiety disorder, Castleman's disease, and left carpal-tunnel syndrome. Tr. 20.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 23-24. The ALJ found Plaintiff has the RFC to perform light work. The ALJ also found Plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently, can stand and/or walk for six hours in an eight-hour work day, and can sit for six hours in an eight-hour work day. The ALJ also found Plaintiff can only use her left, nondominant arm for "assisting only" and can occasionally perform gripping, handling, and fingering with her nondominant hand; should avoid concentrated exposure to fumes, odors, dusts, and pulmonary irritants; can perform simple, routine, repetitive work consistent with a specific vocational preparation (SVP) level of 1-2; and cannot have contact with the public and only occasional contact with coworkers. Tr. 24.

At Step Four the ALJ concluded transferability of job skills is not an issue because Plaintiff does not have past relevant work. Tr. 34.

At Step Five the ALJ found, based on Plaintiff's age, education, work experience, and RFC, that Plaintiff could perform

other work in the national economy.  Tr. 34-35.  The ALJ cited

three examples of such work that were identified by the VE:

office helper, room cleaner, and mail clerk.  Tr. 35.  Thus, the

ALJ concluded Plaintiff is not disabled and, therefore, is not

entitled to benefits.  Tr. 35.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) relied on

erroneous testimony by the VE that Plaintiff (a) is capable of

performing an occupation that requires Reasoning Level Three and

(b) is capable of performing occupations that require

manipulative abilities that conflict with Plaintiff's RFC;

(2) failed to incorporate a consulting medical opinion limiting

Plaintiff to simple one- and two-step tasks; and (3) based his

decision on an occupation that exceeds Plaintiff's RFC limitation

of "no public contact."

The Commissioner concedes two of the occupations identified

by the VE (mail clerk and room cleaner) conflict with Plaintiff's

RFC limitations, and, therefore, the ALJ erred when he found

Plaintiff could perform those jobs.  The Commissioner,

however, contends the ALJ did not err when he found Plaintiff

could perform the work of an office helper; that the occupation

of office worker is within Plaintiff's capabilities; and,

therefore, that the Court should affirm the ALJ's decision.

The Commissioner also contends the ALJ reasonably weighed and properly considered the opinion of the nonexamining psychologist when the ALJ assessed Plaintiff's RFC.

## I.    The ALJ's Reliance on VE Testimony.

Plaintiff contends the ALJ erred when he relied on the VE's testimony to conclude that Plaintiff could perform the occupation of office helper.  Plaintiff argues the occupation of office helper requires frequent handling and frequent fingering, which is beyond the limitations of Plaintiff's RFC.

The Commissioner contends the ALJ asked the VE questions that addressed the apparent conflict between Plaintiff's limitations and the requirements of the identified occupation. The Commissioner argues the ALJ properly identified at least one occupation existing in significant numbers in the national economy that Plaintiff could perform based on the VE's clarification of Plaintiff's limitations, and, therefore, the ALJ did not err when he relied on the VE's testimony.

### A.    Standards

At Step Five the ALJ determines whether Plaintiff is capable of performing other work existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  The ALJ may determine sufficient jobs exist by relying on the testimony of a VE or on the Medical Vocational Guidelines.  20 C.F.R. § 404.1566(d) and (e).

The *Dictionary of Occupational Titles* (DOT) and the
*Selected Characteristics of Occupations Defined in the Revised
Dictionary of Occupational Titles* (SCO) are the primary sources
of information regarding requirements of specific jobs in the
national economy.  SSR 00-4p.  When VE testimony conflicts with
the information in the DOT or SCO, the ALJ must "[i]dentify and
obtain a reasonable explanation for any conflicts" and must
"[e]xplain in the determination or decision how any conflict that
has been identified was resolved."  SSR 00-4p.

### B.    Analysis

As noted, the ALJ found Plaintiff could perform light
work with limitations, including Plaintiff's "use of the left,
non-dominant extremity . . . to assisting only and can
occasionally perform gripping, handling, and fingering."
Plaintiff contends this limitation conflicts with the
occupational requirements of "frequent handling and frequent
fingering" for an office helper.  Plaintiff argues the VE's
testimony did not clarify this conflict, and the ALJ failed to
recognize or to explain the conflict.

In *Lamear v. Berryhill* the Ninth Circuit found a
limitation to only occasional handling, fingering, and feeling
with the left (nondominant) hand created an apparent conflict
with the requirements of certain occupations.  865 F.3d 1201,
1205 (9th Cir. 2017).  The court noted:

> [W]e cannot say that, based on common experience,
> it is likely and foreseeable that an office
> helper, mail clerk, or parking lot cashier with
> limitations on his ability to "handle, finger and
> feel with the left hand" could perform his duties.

*Id.* The *Lamear* court noted:

> The DOT's lengthy descriptions for these jobs
> strongly suggest that it is likely and foreseeable
> that using both hands would be necessary to
> perform "essential, integral, or expected" tasks
> in an acceptable and efficient manner.

*Id.* at 1205. Nevertheless, the Commissioner argued any error was

harmless because the requirements of the occupation "are

unilateral since the DOT does not expressly state that they

demand both hands." The court responded:

> That argument assumes away the question of whether
> these requirements necessitate both hands, an
> issue that has divided many courts. As discussed
> above, we cannot determine from this record, the
> DOT, or our common experience whether the jobs in
> question require both hands, so we cannot say the
> ALJ's failure to inquire was harmless.

*Id.* at 1206. The court remanded the case to the ALJ and directed

him to ask the VE to reconcile the identified jobs with the

plaintiff's limitations as to his left hand.

Here the ALJ posed a hypothetical to the VE that

included the limitations set out in the ALJ's assessment of

Plaintiff's RFC, and the VE asked the ALJ to clarify the nature

of the manipulative limitations. The ALJ responded:

> The non-dominant upper extremity . . . is limited
> to assisting only and with that non-dominant
> extremity occasionally grip, occasionally handle,

> and occasionally finger -- again, with the non-
> dominant upper extremity."

Tr. 77-78.  The VE clarified:

> [S]o the dominant upper extremity is not
> limited.

The ALJ confirmed only that the "nondominant extremity" was

limited.  Based on that clarification the VE identified the

occupation of office helper as consistent with the limitations

included in the hypothetical.  The VE noted other occupations

identified at Plaintiff's prior hearing in 2012 would not be

"realistic" in light of the limitations of Plaintiff's

nondominant hand.  Tr. 79.  The Commissioner contends these

clarifications satisfy the concerns expressed by the *Lamear*

court; that the ALJ properly concluded Plaintiff could perform

work that existed in the economy; and that the Court, therefore,

should affirm the Commissioner's determination.

The DOT describes the duties of an office helper as

follows:

> Performs any combination of following duties in
> business office of commercial or industrial
> establishment:  Furnishes workers with clerical
> supplies.  Opens, sorts, and distributes incoming
> mail, and collects, seals, and stamps outgoing
> mail.  Delivers oral or written messages.
> Collects and distributes paperwork, such as
> records or timecards, from one department to
> another.  Marks, tabulates, and files articles and
> records.  May use office equipment, such as
> envelope-sealing machine, letter opener, record
> shaver, stamping machine, and transcribing
> machine.  May deliver items to other business
> establishments.

The SCO indicates the occupation of office helper requires frequent handling and frequent fingering.

Although the VE clarified Plaintiff's manipulative limitation was only as to her nondominant hand, the VE did not explain and the ALJ did not inquire about the conflict between Plaintiff's limitation of "occasional" gripping, handling, and fingering and the DOT/SCO's requirement of "frequent" handling and fingering for the occupation of officer helper. The VE's questions and the ALJ's clarification that Plaintiff's limitation applied only to her left hand does not support the proposition that a person with such limitation could still perform the duties described with only her right hand. Thus, similar to the court's conclusion in *Lamear*, this Court cannot conclude it is likely and foreseeable that Plaintiff could perform the requirements of an office helper with the limitations of her nondominant hand.

Accordingly, the Court concludes the ALJ erred when he failed to address and to resolve this conflict. The Court also concludes this error is not harmless in light of the ALJ's final determination that Plaintiff can perform such duties and, on that basis, is not disabled.

## II. The ALJ's Discounting of Dr. Sanford's Opinion.

Plaintiff contends the ALJ erred when he failed to incorporate in Plaintiff's RFC the opinion of Dave Sanford, Ph.D., a state-agency consulting psychologist, that Plaintiff

"has the ability to perform simple one- and two-step tasks."
Tr. 132.

The Commissioner, however, contends the ALJ gave "some weight" to Dr. Sanford's opinion; cited to specific evidence to discount Dr. Sanford's opinion; and, in fact, found Plaintiff is more limited than that suggested by Dr. Sanford.

## A. Standards

"Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources." SSR 96-6p.

An ALJ "may reject the opinion of a non-examining physician by reference to "specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). See also *Manzo v. Soc. Sec. Admin.*, No. 10-cv-1062-HZ, 2011 WL 4828818, at *7 (D. Or. Oct. 11, 2011).

## B. Analysis

Dr. Sanford found Plaintiff is "not significantly limited" in her ability to remember locations and work-like procedures; to understand, to remember, and to carry out short and simple instructions; and to maintain attention and concentration for extended periods. Tr. 131. Dr. Sanford, however, found Plaintiff was "moderately limited" in her ability

to understand and to remember detailed instructions.  Tr. 131.
Dr. Sanford also concluded Plaintiff "has the ability to perform
simple one- and two-step tasks" and "[h]as limited ability to
concentrate, but can do so for two-hour periods in routine
settings."  Tr. 132.  In addition, Dr. Sanford concluded
Plaintiff "is unable to have direct public or frequent, close
coworker interaction."  Tr. 132.

The ALJ gave Dr. Sanford's opinion "some weight" on the
ground that "the record is consistent with an ability to perform
simple tasks and with some social limitations."  Tr. 32.  The
ALJ, however, did not give Dr. Sanford's opinion great weight
"because the record as a whole continues to support the
previously assessed limitation against public contact, which was
not included in the State agency assessment."  Tr. 32.  The ALJ,
accordingly, assessed Plaintiff as limited to performing only
"simple, routine, repetitive work" without "contact with the
public" and only "occasional contact with coworkers."  Tr. 24.
The ALJ ultimately concluded Plaintiff is not disabled because
she is able to perform occupations that exist in the economy such
as office helper.  Tr. 34-35.

Plaintiff contends there is a conflict between
Dr. Sanford's one- and two-step limitation and the Reasoning
Level Two requirement for the occupation of officer helper.
Plaintiff argues the ALJ failed to reconcile this conflict and

erred by not including Dr. Sanford's one- and two-step limitation in his assessment of Plaintiff's RFC and in his hypothetical to the VE.

There are six General Educational Development (GED) Reasoning Levels that range from Level One (simplest) to Level Six (most complex). *DOT*, App. C, § III, 1991 WL 688702. The lowest two levels are:

> Level 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

As noted, office helper has a Reasoning Level Two requirement in the *DOT*.

Plaintiff relies on *Rounds v. Commissioner of Social Security*, 807 F.3d 996 (9th Cir. 2015), to support her position. In *Rounds* the court noted there was an apparent conflict between the Plaintiff's RFC, which limited her to performing one- and two-step tasks, and the requirements of Reasoning Level Two for the occupations that the ALJ concluded the plaintiff could perform. The court concluded the ALJ did not recognize this conflict and the VE did not address whether the conflict could be resolved. The court, therefore, could not determine "whether

substantial evidence support[ed] the ALJ's step-five finding."
807 F.3d at 1004.

An ALJ "may rely on expert testimony which contradicts
the DOT, but only insofar as the record contains persuasive
evidence to support the deviation." *Tommasetti v. Astrue*, 533
F.3d 1035, 1042 (9th Cir. 2008)(citing *Johnson v. Shalala*, 60
F.3d 1428, 1435 (9th Cir. 1995)).

As noted, the ALJ determined Plaintiff has the RFC to
perform "simple, routine, repetitive work" and included that
limitation in his hypothetical posed to the VE.  After
summarizing Plaintiff's treatment record, the ALJ stated:

> The medical evidence related to [Plaintiff's]
> mental health impairments documents findings that
> support some limitations in [Plaintiff's]
> concentration and social functioning that are
> accounted for in the residual functional capacity;
> however, they also document clear improvement when
> [Plaintiff] complies with medication and largely
> unremarkable mental status examination findings
> that are not consistent with the extent of the
> symptoms and limitations alleged by [Plaintiff].

Tr. 29.  Based on that limitation, the VE found Plaintiff was
able to perform the occupation of office helper, which has a
Reasoning Level Two requirement.

The ALJ did not cite substantial evidence in the record
for discounting Dr. Sanford's opinion that Plaintiff was limited
to one- and two-step tasks, which has a Reasoning Level One
requirement.  Accordingly, the Court concludes the ALJ erred when
he failed to include the limitations set out in Dr. Sanford's

opinion when the ALJ assessed Plaintiff's RFC, and that error is not harmless because the ALJ concluded Plaintiff is not disabled based on her purported ability to perform an occupation that appears to exceed her limitations.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a

single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court concludes on this record that a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ to reconcile whether Plaintiff could perform the requirements of an office helper with the limitations to her nondominant hand; to cite to substantial evidence in the record for rejecting Dr. Sanford's one- and two-step limitation or to incorporate Dr. Sanford's limitation in Plaintiff's RFC; and to determine at Step Five whether Plaintiff is able to perform the occupation of office helper or other work that exists in the national economy with the limitations set out in Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner, **REMANDS** this matter for further proceedings as indicated, and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 20th day of February, 2018.

ANNA J. BROWN
United States Senior District Judge